UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 11-cv-3655 (JNE/JJK) |
| ROBERT A. WALKER, DENNIS L. DESENDER, AND DLD FINANCIAL, LTD. | |
| Defendants. | |

**PARTIAL FINAL JUDGMENT AND ORDER OF
PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS
DENNIS L. DESENDER AND DLD FINANCIAL, LTD.**

Plaintiff U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter, and Defendants Dennis L. DeSender and DLD Financial Ltd. (collectively, "Defendants") have, in their Consent hereto and incorporated herein (attached as Exhibit A), acknowledged receipt of the complaint and admitted the personal jurisdiction of the Court over them and over the subject matter thereof and, without trial, argument or adjudication of any facts or law herein, consented to the entry of this Partial Final Judgment and Order of Permanent Injunction and Other Relief ("Partial Final Judgment"). The SEC and the Defendants have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and the Defendants have waived any right to appeal from this Partial Final Judgment. The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

**I.**

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them who receive actual notice of this Partial Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:  (i) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; and (ii) unless a registration statement has been filed with the Commission as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise such security, in violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)].

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them who receive actual notice of this Partial Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, employing any device, scheme or artifice to defraud, in violation of Section 17(a)(1) of the Securities Act [15 U.S.C.

§ 77q(a)(1)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with each of them who receive actual notice of this Partial Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants and all agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with any of them who receive actual notice of this Partial Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

  (a)  employing any device, scheme or artifice to defraud; or

(b)     making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## V.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants and all officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Partial Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being registered in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Dennis L. DeSender is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of

the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants shall disgorge ill-gotten gains received as a result of the conduct alleged in the complaint, plus prejudgment interest on those amounts. The Court will set the specific amounts of disgorgement, if any, and will also determine whether to impose civil penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and in what amounts, at a separate hearing upon due notice and motion by the SEC. At that hearing, the issues will be limited to determining: (a) the amounts of disgorgement, if any, to be ordered; and (b) whether civil penalties should be imposed on Defendants, and the amounts of any such penalties. At that hearing, Defendants will be precluded from arguing that they did not violate the securities laws as alleged in the SEC's complaint, but will not be precluded from presenting evidence as to what amounts of disgorgement, prejudgment interest, and whether and what civil penalties are appropriate. Nothing herein affects the Defendants': (a) testimonial obligations; or (b) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not a party.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of the Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall each comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the SEC is expressly authorized to engage in continued discovery regarding any unresolved issue in this

case with respect to the Defendants, including, but not limited to, discovery for the purposes of determining the amount of ill-gotten gains and civil penalties, if any.

**X.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the terms of this Partial Final Judgment.

**XI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Partial Final Judgment forthwith and without further notice.

SO ORDERED:

s/ Joan N. Ericksen
JOAN N. ERICKSEN
UNITED STATES DISTRICT JUDGE

Dated: 6-4, 2012